UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS CORNELL JACKSON,

                Petitioner,                Case No. 1:13-cv-464

v.                                            Honorable Robert J. Jonker

KENNETH K. MCKEE,

                Respondent.
_____/

## OPINION

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I. Factual allegations

Petitioner Douglas Cornell Jackson is incarcerated at the Bellamy Creek Correctional Facility. In 2009, Petitioner was charged with committing criminal offenses against Marjorie (Davis) Barnett. The case was assigned docket number 09-003770. In another case, Petitioner was charged with committing similar offenses against Crystal Neilson. The latter case was assigned docket number 09-003769.

A pretrial hearing for both cases was held in Wayne County Circuit Court on April 2, 2009. Case 09-003770 (identifying Barnett as the victim) proceeded to trial. Neilson testified at the trial, and the prosecution introduced evidence and prior testimony from Barnett, because she could not be located to testify at trial. Though Barnett was identified as the victim in the felony information in case 09-003770, the judge read the felony information from case 09-003769 (identifying Neilson as the victim) to the jurors, and instructed them to consider the evidence concerning Barnett as Rule 404(b) "other acts" evidence. *See* Mich. R. Evid. 404(b).

The jury found Petitioner guilty of the following offenses (ostensibly against Neilson): unlawful imprisonment, Mich. Comp. Laws § 750.349b, assault with intent to commit great bodily harm, Mich. Comp. Laws § 750.84, and three counts of first-degree criminal sexual conduct (CSC), Mich. Comp. Laws § 750.520b. On January 6, 2010, Petitioner was sentenced to 2 to 15 years' imprisonment for the unlawful imprisonment conviction, 2 to 10 years' imprisonment for the assault with intent to commit great bodily harm conviction, and 20 to 50 years' imprisonment for each CSC conviction.

Petitioner appealed his judgment of conviction and sentence to the Michigan Court of Appeals, raising the following grounds for relief:

> I. APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW BY THE FATAL VARIANCE BETWEEN THE INFORMATION, WHICH SET FORTH ALLEGATIONS INVOLVING ONE COMPLAINANT AND ALLEGATIONS NOT CONTAINED IN THE INFORMATION OR ALLEGED AT THE PRELIMINARY EXAMINATION. TO THE EXTENT THAT COUNSEL FAILED TO OBJECT, APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
>
> II. THE TRIAL COURT LACKED JURISDICTION WHERE THE INFORMATION SPECIFIED A COMPLAINANT AND SET FORTH ALLEGATIONS WHICH DIFFERED FROM THOSE WHICH WERE THE SUBJECT OF THE PRELIMINARY EXAMINATION.
>
> III. THE TRIAL COURT ABUSED [ITS] DISCRETION IN RULING THE PROSECUTION HAD SHOWN DUE DILIGENCE IN ATTEMPTING TO SUBPOENA, LOCATE AND PRODUCE MARJORIE DAVIS, AND THUS PERMITTING HER PRIOR RECORDED TESTIMONY TO BE READ TO THE JURY UNDER MRE 804(A)(5), THEREBY DENYING APPELLANT HIS STATE AND FEDERAL CONSTITU[T]IONAL RIGHT TO CONFRONTATION.
>
> IV. THE TRIAL COURT ERRED IN IMPOSING SENTENCES OF 20-50 YEARS IMPRISONMENT FOR THREE COUNTS OF FIRST DEGREE CRIMINAL SEXUAL CONDUCT WHICH EXCEEDED THE SENTENCING GUIDELINES RANGE OF 126-210 MONTHS, WITHOUT ACKNOWLEDGING IT WAS DEPARTING ABOVE THE GUIDELINES OR ARTICULATING ANY SUBSTANTIAL AND COMPELLING REASONS FOR DEPARTURE.

(Pet., docket #1, Page ID#2.) The court of appeals affirmed the convictions, but granted the appeal as to the sentencing issue raised in ground IV. The court then remanded the matter to the trial court for resentencing and for correction of the case numbers referenced in the judgment of sentence and the register of actions. *People v. Jackson*, No. 295994, slip op. at 7 (Mich. Ct. App. Apr. 21, 2011). Petitioner asserts that he sought further review by the Michigan Supreme Court, raising the same four issues. That court denied leave to appeal on November 21, 2011, because it was not persuaded

that the questions presented should be reviewed. *People v. Jackson*, No. 143249 (Mich. Nov. 21, 2011).

On September 8, 2011, pursuant to its mandate from the court of appeals, the circuit court resentenced Petitioner to 20 to 40 years' imprisonment for each of the CSC convictions. The sentences for the other convictions were not changed. Petitioner has appealed the new judgment of sentence to the Michigan Court of Appeals, and that appeal remains pending as of May 13, 2013. *See* Michigan Courts Appellate Docket Sheet, *People v. Jackson*, No. 308329 (Mich. Ct. App.), *available at* http://courts.mi.gov/opinions_orders/.

On February 8, 2012, Petitioner filed a motion for reissuance of judgment in the circuit court, pursuant to Rule 6.428 of the Michigan Court Rules. The court denied the motion on February 21, 2013. Petitioner appealed the denial of that motion to the Michigan Court of Appeals, and that appeal also remains pending as of May 13, 2013. *See* Michigan Courts Appellate Docket Sheet, *People v. Jackson*, No. 315335 (Mich. Ct. App.), *available at* http://courts.mi.gov/opinions_orders/.

In his petition before the Court, Petitioner presents the following grounds for relief:

> I. PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW BY THE FATAL VARIANCE BETWEEN THE INFORMATION IN WAYNE COUNTY CIRCUIT COURT CASE NO. 09-003770-01-FC, WHICH SET FORTH ALLEGATIONS INVOLVING COMPLAINANT, MAR[JO]RIE BARNETT AND THE JURY INSTRUCTION WHICH INVOLVED A DIFFERENT COMPLAINANT, CRYSTAL NEILSON AND ALLEGATIONS NOT CONTAINED IN THE INFORMATION OR ALLEGED AT THE PRELIMINARY EXAMINATION OF 36TH DISTRICT CASE NO. 09-055166, *PEOPLE OF THE STATE OF MICHIGAN V. DOUGLAS CORNELL JACKSON*. TO THE EXTENT THAT COUNSEL FAILED TO OBJECT, PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

II. THE TRIAL COURT LACKED JURISDICTION WHERE THE AMENDED FELONY INFORMATION SPECIFIED MARJORIE BARNETT AS THE VICTIM IN WAYNE CIRCUIT CASE NUMBER 09-003770-01-FC, BUT SET FORTH ALLEGATIONS OF CRYSTAL NEILSON, THE COMPLAINANT IN WAYNE CIRCUIT CASE NUMBER 09-003769-01-FC, WHICH DIFFERED FROM BARNETT'S, WHICH WAS THE SUBJECT OF THE CASE TRACKING NUMBER/36th DISTRICT CASE NUMBER 090-055166 PRELIMINARY EXAMINATION.

III. THE TRIAL COURT ABUSED [ITS] DISCRETION IN RULING THE PROSECUTION HAD SHOWN DUE DILIGENCE IN ATTEMPTING TO SUBPOENA, LOCATE AND PRODUCE MARJORIE DAVIS, AND THUS PERMITTING HER PRIOR RECORDED TESTIMONY TO BE READ TO THE JURY UNDER MRE 804(A)(5), THEREBY DENYING APPELLANT HIS STATE AND FEDERAL CONSTITUTIONAL RIGHT TO CONFRONTATION.

IV. THE TRIAL COURT ERRED IN IMPOSING SENTENCES OF 20-50 YEARS IMPRISONMENT FOR THREE COUNTS OF FIRST DEGREE CRIMINAL SEXUAL CONDUCT[,] WHICH EXCEEDED THE SENTENCING GUIDELINES RANGE OF 126-210 MONTHS, WITHOUT ACKNOWLEDGING IT WAS DEPARTING ABOVE THE GUIDELINES OR ARTICULATING ANY SUBSTANTIAL AND COMPELLING REASONS FOR DEPARTURE.

(Pet., docket #1, Page ID##5, 10, 13, 16.) Petitioner asserts that the foregoing issues were presented on direct appeal; however, in his presentation of the facts in support of ground IV of the petition, Petitioner claims that the trial court made various errors when it resentenced him. (*See* Pet., docket #1, Page ID#18.) Obviously, Petitioner could not have challenged his resentencing proceedings when he appealed the original judgment of conviction and sentence. Furthermore, even if Petitioner raised errors regarding his new sentence in his appeal from the second judgment, that appeal is still pending before the Michigan Court of Appeals. Thus, it appears that Petitioner has raised issues in his petition that have not been presented to each level of Michigan's appellate system.

II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise any issues presented in this application that have not previously been presented to the state appellate courts. First, he may seek review of the second judgment in the Michigan Court of Appeals and the Michigan Supreme Court, a process that he appears to have started. In addition, he may be able to file a motion for relief from judgment under

MICH. CT. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). It appears that Petitioner has not yet filed his one allotted motion.[1] Therefore, the Court concludes that he has at least one available state remedy.

Because it appears that Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that section, the one-year limitations period runs from "the date on

---

[1] Petitioner asserts that he has filed a post-judgment motion for reissuance of judgment under Rule 6.428 of the Michigan Court Rules, but such a motion would not count toward the one-motion limit in Mich. Ct. R. 6.502(G), unless the circuit court construed the motion as one seeking relief from judgment under Rule 6.500. The circuit court's analysis of Petitioner's motion is not available to the Court, but at this stage, the Court assumes that Petitioner's right to file one motion for relief from judgment is not impaired by his motion for reissuance of judgment.

which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner has appealed the new judgment of sentence to the Michigan Court of Appeals, and that appeal is still pending. Thus, the criminal judgment in Petitioner's case has not become final – and the statute of limitations in § 2244 has not started to run – because direct review of that judgment is not complete. *See Rashad v. Lafler*, 675 F.3d 564, 568-69 (6th Cir. 2012) (holding that the statute of limitations does not start to run until direct review of a new sentence issued on resentencing is complete).

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to return to state court to exhaust unexhausted claims, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*). Petitioner clearly has more than sixty days remaining in his limitations period, because the one-year statute of limitations period has not yet started to run. Therefore, a stay of these proceedings is not warranted. Should Petitioner decide *not* to pursue his unexhausted claims in the state courts, he may file a new petition raising *only* exhausted claims at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a

"substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated: ___June 4, 2013___           /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE